| | |
|---|---|
| ROBERTO BAUTISTA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> F/V PAPA'S GIRL, PAPA'S GIRL, LLC ) <br> and CHESTER MOORE ) <br> ) <br> Defendants. ) | No: |

# VERIFIED COMPLAINT

Now comes Plaintiff Roberto Bautista ("Plaintiff") in the above-entitled matter and for his complaint states:

## PARTIES

1. Plaintiff Roberto Bautista ("Plaintiff") is a resident of 201 Clairmont Way, Apartment A., Yorktown, Commonwealth of Virginia.

2. Defendant Papa's Girl, LLC is a domestic corporation with a principal place of business at 315 Steel Tank Rd., Oriental, NC 28571 and at all times hereafter referred to, owned, operated and/or controlled Defendant F/V Papa's Girl (a.k.a. the "Vessel"), which did – and continues to do – business in the Commonwealth of Virginia.

3. Upon information and belief, Defendant F/V Papa's Girl is a commercial fishing vessel, which is currently docked at and/or moored in Newport News, in the Commonwealth of Virginia.

4. Defendant Chester Moore is the captain of the F/V Papa's Girl and upon information and belief is currently living aboard the F/V Papa's Girl while it is docked and/or moored in Newport News, in the Commonwealth of Virginia.

**JURISDICTION**

5. This case involves a personal injury and negligence claim arising under the Jones Act and is thus within this Court's Admiralty and Maritime jurisdiction within the meaning of the U.S. Const. Art. III § 2, 28 U.S.C. § 1333, Fed.R.Civ.P. Rule 9(h), Supplemental Rule C.

6. This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly known as the Jones Act, 46 U.S.C. §30104.

7. This Court also has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1333.

8. Pursuant to Fed.R.Civ.P. Rule 9(h), Supplemental Rule C., Plaintiff is also asserting an *in rem* claim for the bodily injuries he sustained while working as a commercial fisherman aboard the F/V Papa's Girl on or about November 6, 2017 and seeks to arrest the Vessel.

9. The F/V Papa's Girl is expected to remain in this District during the pendency of her arrest.

10. This Court has personal jurisdiction over Papa's Girl, LLC, F/V Papa's Girl and Chester Moore for all matters arising from the Jones Act tort – which is the subject matter of this litigation – because of their systematic and continuous contacts with the forum, particularly the operation of the Vessel in the Commonwealth of Virginia's navigable waters and selling goods within the Commonwealth of Virginia.

## VENUE

11. Venue is proper in this forum because the F/V Papa's Girl is located in Newport News, in the Commonwealth of Virginia, within the waters of this District; Papa's Girl, LLC, therefore, engages in systematic and continuous business within this District.

## STATEMENT OF FACTS

12. Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

13. On or about November 6, 2017, Plaintiff was employed by F/V Papa's Girl as a deckhand and a commercial fisherman of the Vessel.

14. While the F/V Papa's Girl was in navigable waters and while Plaintiff was in the exercise of due care and in the performance of his duties as a deckhand and commercial fisherman, he sustained severe and painful personal injuries.

15. More specifically:

    (a) On or about November 6, 2017, the F/V Papa's Girl was being operated by Captain Chester Moore.

    (b) At and around the time of the incident that forms the basis of this Complaint, Captain Chester Moore was operating the Vessel's winch controls from the control room without being able to see where Plaintiff was located;

    (c) Captain Chester Moore took over the port-side, deck-mounted controls from deckhand Chris Simpson.

    (d) Chris Simpson was able to see Plaintiff from the mid ships-located control unit he was operating.

    (e) Captain Chester Moore's decision to take over the port-side, deck-mounted controls effectively overrode Mr. Simpson's ability to safely control the Vessel's dredge;

(f) Captain Chester Moore took over the controls because he was operating too hastily, having just completed setting out the starboard side dredge;

(g) The port side dredge then moved forward from the gallast block before Plaintiff had been given a chance to unhook the "Gearmatic" winch's cable and/or Captain Chester Moore manipulated the wrong control lever;

(h) Given that the Vessel's crew was in the process of setting out the port-side dredge, Plaintiff had hooked the end of the flaring chain to the anchor post on the stern rail of the Vessel, while the other end was attached to the dredge;

(i) While moving toward the dredge's bull ring, Plaintiff was required to squeeze through the narrow space between the gallast post and the port-side rail, given that the shucking house on the Vessel had been modified in such a way and had been widened so much that it took up all the interior deck space between the port-side and starboard-side gallast posts; and

(j) Just as Plaintiff was squeezing through this narrow gap, Captain Chester Moore negligently and/or recklessly released the dredge while the "Gearmatic" cable was still attached to the dredge, the dredge moved forward and inboard and as a result, the flaring chain became taut and violently pinned Plaintiff to the gallast post across his abdomen, severely injuring him and nearly crushing him to death.

16. Plaintiff's accident was caused by Captain Moore's negligent operation of the winch controls.

17. Plaintiff's accident was also caused by the inadequate and/or unsafe design and physical layout of the vessel, which made it unseaworthy.

18. As a result of Captain Chester Moore's negligence and the unseaworthiness of the Vessel, Plaintiff was severely injured, including a severe crush injury to his abdomen and chest that damaged his internal organs and resulted in multiple surgeries and left him permanently disabled.

## COUNT I
## IN REM CLAIM AGAINST F/V PAPA'S GIRL

19. Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

20. Plaintiff is asserting an *in rem* action to enforce a lien for damages arising from a maritime tort.

21. At all material times, it was the duty of the F/V Papa's Girl to provide Plaintiff with a reasonably safe place to work.

22. On or about November 6, 2017, as a result of this failure, Plaintiff was severely injured and has an automatic lien against the Vessel.

23. The negligence of *in rem* Defendant F/V Papa's Girl was the cause, in whole or in part, of Plaintiff sustaining severe and permanent injuries about his body.

24. At all material times, F/V Papa's Girl created the hazardous conditions, or knew of the foregoing conditions causing the Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that F/V Papa's Girl, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

25. As a direct and proximate result of the negligence of *in rem* Defendant F/V Papa's Girl, Plaintiff was injured about Plaintiff's body, suffered physical pain and suffering, mental anguish, fright, shock, anxiety, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, feelings of economic insecurity caused by his condition, disability, disfigurement and other mental and/or nervous disorders, aggravation of any previously existing conditions, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings

and his working ability and earning capacity have been impaired, both past and future. These injuries are permanent or continuing in nature and Plaintiff will suffer losses and impairments in the future.

26. Plaintiff is entitled to full recovery of damages resulting from the alleged maritime tort against the F/V Papa's Girl *in rem* under 46 U.S.C. §31301(5)(B).

WHEREFORE, Plaintiff respectfully requests:

(a) that a Warrant for Arrest *in rem* issue against F/V Papa's Girl and that its owners be cited to appear and answer the matters aforesaid;

(b) that Plaintiff be decreed to have a lien up on the *in rem* Defendant F/V Papa's Girl, and that such lien be foreclosed in accordance with law and there upon that the Vessel, including but not limited to its fishing and/or scalloping permits (See Permit, attached as Ex. 1) and any items of value aboard be condemned and sold in payment of the damages suffered by Plaintiff;

(c) that judgment be entered in Plaintiff's favor against defendants, jointly and severally, for all recoverable compensatory damages in the amount of $18 million, in addition to court costs, pre- and post-judgment interest, attorneys' fees, and such other relief as the Court deems just; and

(d) that Plaintiff be permitted to bid his judgment against the Vessel and permit at a U.S. Marshall's sale.

## COUNT II
## ROBERTO BAUTISTA v. F/V PAPA'S GIRL
## JONES ACT NEGLIGENCE

27. Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

28. The personal injuries sustained by Plaintiff were not caused by any fault on his part but were caused by the negligence of F/V Papa's Girl as follows:

(a) Failure to use due care to provide and maintain a seaworthy vessel with safe and proper appliances;

(b) Failure to provide adequate tools, equipment and safety devices;

(c) Failure to use due care to furnish Plaintiff with a reasonably safe place in which to perform his work; and/or

(d) Failure and negligence in other respects that will be shown at trial.

29. As a result of said injuries, Plaintiff has suffered pain of body and anguish of his mind, lost time from his usual work and a pursuit, incurred medical expenses, and has sustained and will continue to sustain other damages that will be shown at trial.

30. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C. §30104.

WHEREFORE, Plaintiff demands judgment against F/V Papa's Girl for all recoverable compensatory damages in the amount of $18 million, in addition to court costs, pre- and post-judgment interest, attorneys' fees, and such other relief as the Court deems just.

**COUNT III
ROBERTO BAUTISTA v. F/V PAPA's GIRL
GENERAL MARITIME LAW – UNSEAWORTHINESS**

31. Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

32. The personal injuries sustained by Plaintiff were due to no fault of his, but were caused by the unseaworthiness of the Vessel

33. As a result of said injuries, Plaintiff has suffered pain of the body and anguish of the mind, lost time from his usual work and pursuits, incurred medical expenses and sustained and will sustain other damages that will be shown at trial.

7

34. The cause of action is brought under the General Maritime Law for Unseaworthiness.

WHEREFORE, Plaintiff demands judgment against F/V Papa's Girl for all recoverable compensatory damages in the amount of $18 million, in addition to court costs, pre- and post-judgment interest, attorneys' fees, and such other relief as the Court deems just.

## COUNT IV
## ROBERTO BAUTISTA v. PAPA'S GIRL, LLC
## JONES ACT NEGLIGENCE

35. Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

36. The personal injuries sustained by Plaintiff were not caused by any fault on his part but were caused by the negligence of Papa's Girl, LLC as follows:

   (a) Failure to use due care to provide and maintain a seaworthy vessel with safe and proper appliances;

   (b) Failure to provide adequate tools, equipment and safety devices;

   (c) Failure to use due care to furnish Plaintiff with a reasonably safe place in which to perform his work; and/or

   (d) Failure and negligence in other respects that will be shown at the trial.

37. As a result of said injuries, Plaintiff has suffered pain of body and anguish of his mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will continue to sustain other damages that will be shown at trial.

38. This cause of action is brought under the Merchant Marine Act of 1920, commonly known as the Jones Act, 46 U.S.C. §30104.

WHEREFORE, Plaintiff demands judgment against Papa's Girl, LLC for all recoverable compensatory damages in the amount of $18 million, in addition to court costs, pre- and post-judgment interest, attorneys' fees, and such other relief as the Court deems just.

## COUNT V
## ROBERTO BAUTISTA v. PAPA'S GIRL, LLC
## GENERAL MARITIME LAW – UNSEAWORTHINESS

39. Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

40. The personal injuries sustained by Plaintiff were due to no fault of his, but were caused by the unseaworthiness of the Vessel.

41. As a result of said injuries, Plaintiff has suffered pain of the body and anguish of his mind, lost time form his usual work and pursuits, incurred medical expenses, and sustained and will sustain other damages that will be shown at trial.

42. The cause of action is brought under the General Maritime Law for Unseaworthiness.

WHEREFORE, Plaintiff demands judgment against Papa's Girl, LLC for all recoverable compensatory damages in the amount of $18 million, in addition to court costs, pre- and post-judgment interest, attorneys' fees, and such other relief as the Court deems just.

## COUNT VI
## ROBERTO BAUTISTA v. CHESTER MOORE
## GENERAL MARITIME LAW – UNSEAWORTHINESS

43. Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

44. The personal injuries sustained by Plaintiff were due to no fault of his, but were caused by the unseaworthiness of the Vessel.

41. As a result of said injuries, Plaintiff has suffered pain of the body and anguish of his mind, lost time form his usual work and pursuits, incurred medical expenses, and sustained and will sustain other damages that will be shown at trial.

42. The cause of action is brought under the General Maritime Law for Unseaworthiness.

WHEREFORE, Plaintiff demands judgment against Chester Moore for all recoverable compensatory damages in the amount of $18 million, in addition to court costs, pre- and post-judgment interest, attorneys' fees, and such other relief as the Court deems just.

## JURY DEMAND

Plaintiff Roberto Bautista, demands a trial by jury on all issues so triable.

Respectfully submitted,
Plaintiff, Roberto Bautista,
By his attorneys,


/s/ Michael L. Donner, Sr.
Michael L. Donner, Sr., Esq. VSB No. 40958
mdonner@setlifflaw.com
Setliff Law
4940 Dominion Boulevard
Glen Allen, VA 23060
P: (804) 377-1260
F: (804) 377-1280

Date: June 11, 2019